IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GENERAL NUTRITION CORPORATION, Plaintiff, | ) | |
| v. | ) | Civil Action No. 07-0262 |
| THE CHARTER OAK FIRE INSURANCE COMPANY, Defendant. | ) | |

MEMORANDUM AND ORDER

Gary L. Lancaster,
District Judge. October 10, 2007

This is an action for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 ("Act"). Jurisdiction is predicated upon diversity of citizenship under 28 U.S.C. § 1332.[1] Plaintiff, General Nutrition Corporation, seeks a determination that, according to the terms and conditions of various agreements and an insurance policy ("Policy"), defendant, the Charter Oak Fire Insurance Company is obligated to defend and indemnify GNC with respect to claims filed against GNC in state court in New York. Plaintiff also brings breach of contract and

---

1 The complaint states that jurisdiction "is proper pursuant to 28 U.S.C. § 1331 because the amount in controversy exceeds $75,000 ... and there is complete diversity of citizenship." Clearly, reference to section 1331 is a typographical error given that the complaint does not set forth any federal question jurisdiction.

third-party beneficiary claims. Plaintiff seeks injunctive and monetary relief.

For the reasons stated below, we decline to exercise jurisdiction over this action.

## I. BACKGROUND

Underlying this controversy is a personal injury suit currently pending in New York state court. In October of 2004, Elisa Aviles commenced a state court action against GNC and Kwok & Shao Realty, Inc. for injuries she sustained from falling on a sidewalk outside a GNC retail store in Brooklyn, New York. In the state court action, GNC filed a third-party complaint for negligence, contribution and indemnification against Thaddeus Enterprises, Inc., a franchisee of GNC Franchising, LLC.[2] The third-party complaint alleges that Thaddeus exercised ownership, supervision and/or control over the premises where the injury occurred and is therefore required to indemnify GNC. Charter Oak, Thaddeus' insurer, is not named as a party in the state court action.

In February of 2007, GNC brought the instant action for declaratory judgment, breach of contract, and third-party beneficiary claims against Charter Oak. Pursuant to a Franchise Agreement and a Sublease, GNC contends that Thaddeus agreed to

---

[2] GNC is an affiliate of GNC Franchising, LLC.

obtain comprehensive general liability insurance and indemnify GNC against all claims related to the failure of Thaddeus to perform its obligations under the Sublease. It is undisputed that Charter Oak issued the Policy in question to Thaddeus.

Here, GNC first seeks a judicial declaration that the terms and conditions set forth in the Policy create a binding obligation on Charter Oak to defend and indemnify GNC in the state court action. GNC also seeks monetary relief for its breach of contract and third-party beneficiary claims. According to GNC, it sustained damages due to Charter Oak's refusal to defend and indemnify GNC.

## II. STANDARD OF REVIEW

As a general rule, a district court has a "virtually unflagging obligation" to exercise its jurisdiction. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). However, in very limited circumstances, a district court may abstain from exercising jurisdiction because of parallel state proceedings. Id. at 817-818; see also Wilton v. Seven Falls Co., 515 U.S. 277 (1995)(citing Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491(1942)).

There are two standards that district courts use when deciding whether to abstain from exercising jurisdiction due to parallel state court proceedings: the Wilton standard and the

Colorado River standard. See ITT Indus. Inc. v. Pacific Employers Ins. Co., 427 F.Supp.2d 552, 556 (E.D. Pa. 2006). If the federal suit seeks only a declaration of rights, the district court's discretion to dismiss the suit is governed by the standard derived from Wilton. 515 U.S. at 286. If the federal suit involves coercive claims, such as requests for monetary or other relief, a district court uses the "exceptional circumstances" standard of Colorado River. 424 U.S. at 813; ITT Indus., 427 F.Supp.2d at 556. An action involving mixed claims for both declaratory and monetary relief requires further analysis.

Although the Court of Appeals for the Third Circuit has not addressed this precise issue, when an action contains both declaratory claims and coercive claims, such as claims for breach of contract, a court may look to the "heart of the action" to determine which standard applies. ITT Indus., 427 F.Supp.2d at 556-557. Where, as here, the outcome of the coercive claims hinges on the outcome of the declaratory claims, the discretionary standard applicable to declaratory judgment actions is appropriate. ITT Indus., 427 F.Supp.2d at 556-557 (citing Wilton, 515 U.S. 277); Franklin Commons E. P'ship. v. Abex Corp., 997 F.Supp. 585, 592 (D.N.J. 1998).

GNC's breach of contract and third-party beneficiary claims undoubtedly hinge on an interpretation of the terms and

conditions of the Policy. If Charter Oak has no duty to defend or indemnify GNC under the Policy, GNC's breach of contract and third-party beneficiary claims are moot. As such, any monetary relief for such claims depends on the outcome of the claim for declaratory relief. Because this is a declaratory judgment action at heart, we apply the Wilton standard. Under that standard, we decline to exercise jurisdiction.

The Declaratory Judgment Act does not mandate that federal district courts exercise jurisdiction over every declaratory judgment action. Rather, the Act provides that

> [i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). The Act affords district courts "unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton, 515 U.S. at 286; see also State Auto Ins. Companies v. Summy, 234 F.3d 131, 133 (3d Cir. 2000). The Supreme Court has referred to the Act as "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Wilton, 515 U.S. at 287 (internal quotations omitted) (citations omitted); see also Summy, 234 F.3d at 134. Thus, under the Act, district courts exercise their discretion to

determine whether and when to entertain a declaratory judgment action, even if the suit otherwise satisfies the prerequisites for subject matter jurisdiction. Accordingly, a district court may decline jurisdiction in a declaratory judgment action sua sponte. Summy, 234 F.3d at 136.

The district courts' discretionary power to decline to hear declaratory judgment actions, however, is not open-ended. For instance, a district court does not have absolute discretion to "decline jurisdiction over a declaratory judgment action when the issues include[] federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceeding." Id. at 134 (citing United States v. Commonwealth of Pennsylvania, Dep't of Envtl. Res., 923 F.2d 1071, 1076-79 (3d Cir. 1991)). None of these exceptions are present here.

Rather, this action presents the all too common case of a party coming to federal court, under diversity jurisdiction, to receive declarations on purely state law matters. Indeed, the court of appeals in Summy specifically noted that "[t]he desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." See id. at 136. This principle is especially relevant because the interest of a state "in resolving its own law must not be given short shrift simply because one

party or, indeed, both parties, perceive some advantage in the federal forum." Id. Finally, when state law is well established, there is even less reason for federal district courts to exercise jurisdiction over a declaratory judgment action, and, thus, district courts should rarely do so. See id.

III. DISCUSSION

Applying the discretionary standard set forth in Wilton to this case, we decline to exercise jurisdiction. There are no federal questions present in this dispute. The requested relief would require us only to apply well-settled state law. There simply is no federal interest at stake here. These factors weigh heavily against exercising jurisdiction over this action.

Additionally, it appears that there is a parallel action pending in state court in New York. For proceedings to be parallel, there must be substantial identity of parties, claims, and time. IFC Interconsult, AG v. Safeguard Int'l. Partners, LLC., 438 F.3d 298, 306 (3d Cir. 2006). This inquiry focuses on whether the same parties are litigating the same claims in an on-going state proceeding. A complete identity of the parties and claims is not required. Id. Both the Supreme Court, in Wilton, and the Court of Appeals for the Third Circuit, in Summy, reasoned that a pending parallel state court action is one of the factors that favors declining jurisdiction in declaratory

judgment actions. Wilton, 515 U.S. at 290; Summy, 234 F.3d at 134-35.

Here, there is a substantial identity of parties and claims. Although Charter Oak is not named as a party in the state court action, its insured, Thaddeus, is a third-party defendant. Likewise, although Thaddeus is not named in the instant action, Charter Oak, as its insurer, is. Furthermore, Charter Oak contends in this case that Thaddeus is actually a necessary party. GNC, Thaddeus, and Charter Oak are clearly entangled in a comprehensive coverage dispute. The Policy at the heart of this case connects both Charter Oak and Thaddeus to the federal and state actions. As such, the relationship between Charter Oak, as the insurer, and Thaddeus, as its insured, supports a finding that a substantial identity of parties exists.

The claims are also substantially similar. The third-party complaint in the state court action alleges that Thaddeus is obligated to indemnify and defend GNC. GNC alleges the same thing here against Thaddeus's insurer, Charter Oak. The interpretation of the Policy and the obligations of the parties under it will arise in both state and federal court.

Finally, the governing New York law is well-settled regarding the coverage issues raised here. The parties have not asserted and we have not found the existence of any novel or complex questions of state law. The state court can adequately

resolve the issues of contract and insurance law. Because the state law is well-settled, we decline to exercise jurisdiction.

## IV. CONCLUSION

This dispute is not governed by federal law and there are no federal interests at stake. There is a parallel proceeding in state court involving the same parties and claims. The state law to be applied is well-settled. The state court is perfectly capable of resolving this dispute. Therefore, under the circumstances of this case, and in the exercise of our discretion, we will not exercise jurisdiction over this declaratory judgment action.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GENERAL NUTRITION CORPORATION, Plaintiff, | ) | |
| v. | ) | Civil Action No. 07-0262 |
| THE CHARTER OAK FIRE INSURANCE COMPANY, Defendant. | ) | |

ORDER

AND NOW, this 10th day of October, 2007, IT IS HEREBY ORDERED that plaintiff's declaratory judgment action is dismissed, without prejudice to the parties' right to fully litigate this matter in state court. This opinion does not constitute an adjudication on the merits of plaintiff's claim that the terms and conditions of the policy obligate defendant to indemnify and defend plaintiff in the parallel state court action, nor on any other matter.

Because this court declines to exercise jurisdiction over this action, the case is HEREBY DISMISSED.

The Clerk of Court is directed to mark this case CLOSED.

BY THE COURT:

G L Lancaster

cc: All Counsel of Record